# EXHIBIT A

Redacted

**NOTE**

Redacted

Redacted

APRIL 8, 2014        IRVING        TEXAS
[Date]        [City]        [State]

6592 STATE ROUTE 48, GOSHEN, OHIO 45122
[Property Address]

## 1. PARTIES

"Borrower" means each person signing at the end of this Note, and the person's successors and assigns. "Lender" means   PACIFIC UNION FINANCIAL, LLC, A CALIFORNIA LIMITED LIABILITY COMPANY   and its successors and assigns.

## 2. BORROWER'S PROMISE TO PAY; INTEREST

In return for a loan received from Lender, Borrower promises to pay the principal sum of ONE HUNDRED FIFTY-TWO THOUSAND NINE HUNDRED THIRTY-EIGHT AND 00/100   **Dollars (U.S. $ 152,938.00** ), plus interest, to the order of Lender. Interest will be charged on unpaid principal, from the date of disbursement of the loan proceeds by Lender, at the rate of   FIVE AND 000/1000   percent ( 5.000 %) per year until the full amount of principal has been paid.

## 3. PROMISE TO PAY SECURED

Borrower's promise to pay is secured by a mortgage, deed of trust or similar security instrument that is dated the same date as this Note and called the "Security Instrument." The Security Instrument protects the Lender from losses which might result if Borrower defaults under this Note.

## 4. MANNER OF PAYMENT

(A) Time

Borrower shall make a payment of principal and interest to Lender on the   1st   day of each month beginning on   JUNE 1, 2014   . Any principal and interest remaining on the   1st   day of MAY, 2044   , will be due on that date, which is called the "Maturity Date."

(B) Place

Payment shall be made at   P.O. BOX 650396, DALLAS, TEXAS 75265-0396

, or at such other place as Lender may designate in writing by notice to Borrower.

(C) Amount

Each monthly payment of principal and interest will be in the amount of U.S. $ 821.00 .
This amount will be part of a larger monthly payment required by the Security Instrument, that shall be applied to principal, interest and other items in the order described in the Security Instrument.

(D) Allonge to this Note for Payment Adjustments

If an allonge providing for payment adjustments is executed by Borrower together with this Note, the covenants of the allonge shall be incorporated into and shall amend and supplement the covenants of this Note as if the allonge were a part of this Note.

MULTISTATE - FHA FIXED RATE NOTE
USFHA.NTE 09/25/09

DocMagic *EForms*
www.docmagic.com

(Check applicable box.)

☐ Growing Equity Allonge
☐ Graduated Payment Allonge
☐ Other [specify]:

## 5.    BORROWER'S RIGHT TO PREPAY

Borrower has the right to pay the debt evidenced by this Note, in whole or in part, without charge or penalty, on the first day of any month. Lender shall accept prepayment on other days provided that Borrower pays interest on the amount prepaid for the remainder of the month to the extent required by Lender and permitted by regulations of the Secretary. If Borrower makes a partial prepayment, there will be no changes in the due date or in the amount of the monthly payment unless Lender agrees in writing to those changes.

## 6.    BORROWER'S FAILURE TO PAY

### (A) Late Charge for Overdue Payments

If Lender has not received the full monthly payment required by the Security Instrument, as described in Paragraph 4(C) of this Note, by the end of fifteen calendar days after the payment is due, Lender may collect a late charge in the amount of FOUR AND 000/1000                    percent (      4.000  %) of the overdue amount of each payment.

### (B) Default

If Borrower defaults by failing to pay in full any monthly payment, then Lender may, except as limited by regulations of the Secretary in the case of payment defaults, require immediate payment in full of the principal balance remaining due and all accrued interest. Lender may choose not to exercise this option without waiving its rights in the event of any subsequent default. In many circumstances, regulations issued by the Secretary will limit Lender's rights to require immediate payment in full in the case of payment defaults. This Note does not authorize acceleration when not permitted by HUD regulations. As used in this Note, "Secretary" means the Secretary of Housing and Urban Development or his or her designee.

### (C) Payment of Costs and Expenses

If Lender has required immediate payment in full, as described above, Lender may require Borrower to pay costs and expenses including reasonable and customary attorneys' fees for enforcing this Note to the extent not prohibited by applicable law. Such fees and costs shall bear interest from the date of disbursement at the same rate as the principal of this Note.

## 7.    WAIVERS

Borrower and any other person who has obligations under this Note waive the rights of presentment and notice of dishonor. "Presentment" means the right to require Lender to demand payment of amounts due. "Notice of Dishonor" means the right to require Lender to give notice to other persons that amounts due have not been paid.

## 8.    GIVING OF NOTICES

Unless applicable law requires a different method, any notice that must be given to Borrower under this Note will be given by delivering it or by mailing it by first class mail to Borrower at the Property Address above or at a different address if Borrower has given Lender a notice of Borrower's different address.

Any notice that must be given to Lender under this Note will be given by delivering it or by mailing it by first class mail to Lender at the address stated in Paragraph 4(B) or at a different address if Borrower is given a notice of that different address.

## 9.    OBLIGATIONS OF PERSONS UNDER THIS NOTE

If more than one person signs this Note, each person is fully and personally obligated to keep all of the promises made in this Note, including the promise to pay the full amount owed. Any person who is a guarantor, surety or endorser of this Note is also obligated to do these things. Any person who takes over these obligations, including the obligations of a guarantor, surety or endorser of this Note, is also obligated to keep all of the promises made in

DocMagic EFORMS
www.docmagic.com

this Note. Lender may enforce its rights under this Note against each person individually or against all signatories together. Any one person signing this Note may be required to pay all of the amounts owed under this Note.

BY SIGNING BELOW, Borrower accepts and agrees to the terms and covenants contained in this Note.

_____ (Seal)                          _____ (Seal)
REGINA K BAUCOM                          -Borrower                                                      -Borrower

_____ (Seal)                          _____ (Seal)
                                         -Borrower                                                      -Borrower

_____ (Seal)                          _____ (Seal)
                                         -Borrower                                                      -Borrower

Loan Originator: JEFFREY D CLEMENTS, NMLSR ID Redacted
Loan Originator Organization: ACF MORTGAGE LLC, NMLSR ID Redacted

*[Sign Original Only]*

MULTISTATE - FHA FIXED RATE NOTE
USFHA.NTE 09/25/09                              Page 3 of 3                          DocMagic eForms
                                                                                    www.docmagic.com

3

**EXHIBIT B**

201400006635
Filed for Record in
CLERMONT COUNTY, OH
DEBORAH HALL CLEPPER, COUNTY RECORDER
04-10-2014 At 12:35 pm.
DEED       36.00
OR Book    2510 Page 1262 - 1264

APR 10 2014
APPROVED
FOR TRANSFER
PATRICK J. MANGER
COUNTY ENGINEER
CLERMONT COUNTY
BY  H

4M-233
T=423

11  BK 22  PG 07 K PA 159.

0 898 42

**BK:  2510  PG: 1262**

Commitment Number Redacted

After Recording, Send To:

## PROPERTY APPRAISAL (TAX/APN) PARCEL IDENTIFICATION NUMBER
## 11-22-07K-159.

## GENERAL WARRANTY DEED

**Zachary C. Osborn**, unmarried,  hereinafter grantor, of **Clermont County**, **OH**, for $156,900.00 (One Hundred Fifty Six Thousand Nine Hundred Dollars and Zero Cents) in consideration paid, grants, with general warranty covenants to **Regina K. Baucom**, hereinafter grantee, whose tax mailing address is **800 Michigan St., Port Huron, MI 48060**, the following real property:

**TRACT I: SITUATED IN GOSHEN TOWNSHIP, CLERMONT COUNTY, OHIO AND IN STARK'S MILITARY SURVEY NO. 2753 AND MORE PARTICULARLY DESCRIBED AS FOLLOWS:**

**BEGINNING AT A POINT IN THE CENTER LINE OF STATE ROUTE NO. 48, WHICH IS N. 46 DEG. 36' W. 250.00 FEET FROM THE MOST WESTERLY CORNER OF LOT 1, OF PAPPAS SUBDIVISION, THENCE WITH THE CENTER LINE OF SAID STATE ROUTE N, 46DEG. 36'W. 100.00 FEET, THENCE N. 50DEG. 36' E. 100.00 FEET TO AN IRON PIN, THENCE S 50DEG. 20' W.225.00 FEET PASSING AN IRON PIN AT 195 FEET TO THE PLACE OF BEGINNING AND CONTAINING 0.512 ACRES OF LAND AND SUBJECT TO LEGAL HIGHWAYS. AND:**

20'E  225.00 Feet passing an iron pin at 30.00 Feet to an iron pin. Thence S 46 deg.

This conveyance has been examined and the Grantor has complied with Section 319.202 of the Revised Code.
Purchase Price $ 156,900.00
Transfer # 1589    Fee $ 1027.60
Filed with the office of
Linda L. Fraley
Date 4-10-14    By: KC

BK: 2510 PG: 1263

TRACT II: SITUATED IN GOSHEN TOWNSHIP, CLERMONT COUNTY, OHIO AND IN STARK'S MILITARY SURVEY NO. 2753 AND MORE PARTICULARLY DESCRIBED AS FOLLOWS: BEGINNING AT A POINT IN THE CENTER LINE OF STATE ROUTE NO. 48, WHICH IS N. 46 DEG. 36' W. 200.0' FROM THE INTERSECTION OF THE WEST LINE OF PAPPAS SUBDIVISION AND THE CENTER LINE OF STATE HIGHWAY NO. 48; THENCE N. 50DEG. 20' E., 229.0' TO POINT; THENCE N. 46 DEG 36' W., 181.6' TO A POINT; THENCE S. 45DEG. 39' W., 227.5' TO A POINT IN THE CENTER LINE OF STATE HIGHWAY NO. 48; THENCE WITH SAID CENTER LINE S. 45 DEG. 36' E., 13.0' TO A POINT; THENCE N. 50 DEG. 20' E, 225.0' TO A POINT IN THE CENTER LINE, THENCE S. 46 DEG. 35' E. 100.0 FEET, THENCE S. 50 DEG. 20 W. 255.0; S. 46 DEG. 36' E., 50.0' TO THE PLACE OF BEGINNING.

CONTAINING 0.386 ACRES OF LAND, MORE OR LESS.

Property Address is: 6592 State Rt., 48 Goshen, OH 45122.

The real property described above is conveyed subject to the following:    All easements, covenants, conditions and restrictions of record; All legal highways; Zoning, building and other laws, ordinances and regulations; Real estate taxes and assessments not yet due and payable; Rights of tenants in possession.

TO HAVE AND TO HOLD the same together with all and singular the appurtenances thereunto belonging or in anywise appertaining, and all the estate, right, title interest, lien equity and claim whatsoever of the said grantor, either in law or equity, to the only proper use, benefit and behalf of the grantee forever.

Prior instrument reference: **Official Records Book 2024, Page 2053**

BK: 2510 PG: 1264

Executed by the undersigned on _April 8_, 2014:

_____
**Zachary C. Osborn**,

STATE OF _Ohio_

COUNTY OF _Warren_

The foregoing instrument was acknowledged before me on _April 8_, 2014 by
**Zachary C. Osborn,** who is personally known to me or has produced _Ohio DL_
as identification, and furthermore, the aforementioned person has acknowledged that his
signature was his free and voluntary act for the purposes set forth in this instrument.

SHAWNA MOORE
NOTARY PUBLIC
STATE OF OHIO
Comm. Expires
April 14, 2015

_____
Notary Public

This instrument prepared by:
Jay A. Rosenberg, Esq., Rosenberg LPA, Attorneys At Law, 3805 Edwards Road, Suite
550, Cincinnati, Ohio 45209 (513) 247-9605 Fax: (866) 611-0170.

```
201400006636
Filed for Record in
CLERMONT COUNTY, OH
DEBORAH HALL CLEPPER, COUNTY RECORDER
04-10-2014 At 12:35 pm.
MTG               108.00
OR Book   2510 Page 1265 - 1276
```

**EXHIBIT C**

BK: 2510 PG: 1265

———————— [Space Above This Line For Recording Data] ————————

After Recording Return To:
PACIFIC UNION FINANCIAL, LLC
1603 LBJ FREEWAY, SUITE 600
FARMERS BRANCH, TEXAS 75234
Loan Number: Redacted

## OPEN-END MORTGAGE

FHA CASE NO.

Redacted

MIN: Redacted

Redacted

MERS Phone: 888-679-6377

THIS MORTGAGE ("Security Instrument") is given on    APRIL 8, 2014
The mortgagor is REGINA K BAUCOM, A MARRIED WOMAN, David Baucom, her
husband

("Borrower").
This Security Instrument is given to Mortgage Electronic Registration Systems, Inc. ("MERS") as
Mortgagee. MERS is the nominee for Lender, as hereinafter defined, and Lender's successors and assigns.
MERS is organized and existing under the laws of Delaware, and has an address and telephone number of
P.O. Box 2026, Flint, MI 48501-2026, tel. (888) 679-MERS.    PACIFIC UNION FINANCIAL,
LLC, A CALIFORNIA LIMITED LIABILITY COMPANY    ("Lender")
is organized and existing under the laws of    CALIFORNIA
and has an address of   8900 FREEPORT PARKWAY, SUITE 150, IRVING,
TEXAS 75063   ,
Borrower owes Lender the principal sum of ONE HUNDRED FIFTY-TWO THOUSAND NINE
HUNDRED THIRTY-EIGHT AND 00/100    Dollars (U.S. $ 152,938.00    ).

FHA OHIO MORTGAGE - MERS
OHMTGZ.FHA 12/12/13      Page 1 of 11

DocMagic *e*Forms
www.docmagic.com

BK: 2510 PG: 1266

This debt is evidenced by Borrower's note dated the same date as this Security Instrument ("Note"), which provides for monthly payments, with the full debt, if not paid earlier, due and payable on MAY 1, 2044 . This Security Instrument secures to Lender: (a) the repayment of the debt evidenced by the Note, with interest, and all renewals, extensions and modifications of the Note; (b) the payment of all other sums, with interest, advanced under paragraph 7 to protect the security of this Security Instrument; and (c) the performance of Borrower's covenants and agreements under this Security Instrument and the Note. For this purpose, Borrower does hereby mortgage, grant and convey to MERS (solely as nominee for Lender and Lender's successors and assigns) and to the successors and assigns of MERS, the following described property located in    CLERMONT                                    County, Ohio:
SEE LEGAL DESCRIPTION ATTACHED HERETO AND MADE A PART HEREOF AS EXHIBIT "A".
A.P.N.: 112207K159

which has the address of                       6592  STATE  ROUTE  48
                                                          [Street]
                   GOSHEN                                , Ohio     45122        ("Property Address"):
                   [City]                                         [Zip Code]

TOGETHER WITH all the improvements now or hereafter erected on the property, and all easements, appurtenances, and fixtures now or hereafter a part of the property. All replacements and additions shall also be covered by this Security Instrument. All of the foregoing is referred to in this Security Instrument as the "Property." Borrower understands and agrees that MERS holds only legal title to the interests granted by Borrower in this Security Instrument; but, if necessary to comply with law or custom, MERS (as nominee for Lender and Lender's successors and assigns) has the right: to exercise any or all of those interests, including, but not limited to, the right to foreclose and sell the Property; and to take any action required of Lender including, but not limited to, releasing or canceling this Security Instrument.
BORROWER COVENANTS that Borrower is lawfully seised of the estate hereby conveyed and has the right to mortgage, grant and convey the Property and that the Property is unencumbered, except for encumbrances of record. Borrower warrants and will defend generally the title to the Property against all claims and demands, subject to any encumbrances of record.
THIS SECURITY INSTRUMENT combines uniform covenants for national use and non-uniform covenants with limited variations by jurisdiction to constitute a uniform security instrument covering real property.

RKB
DCB

FHA OHIO MORTGAGE - MERS
OHMTGZ.FHA  12/12/13                    Page 2 of 11              DocMagic EForms
                                                                 www.docmagic.com

BK: 2510 PG: 1267

## UNIFORM COVENANTS. Borrower and Lender covenant and agree as follows:

1. **Payment of Principal, Interest and Late Charge.** Borrower shall pay when due the principal of, and interest on, the debt evidenced by the Note and late charges due under the Note.

2. **Monthly Payment of Taxes, Insurance, and Other Charges.** Borrower shall include in each monthly payment, together with the principal and interest as set forth in the Note and any late charges, a sum for (a) taxes and special assessments levied or to be levied against the Property, (b) leasehold payments or ground rents on the Property, and (c) premiums for insurance required under paragraph 4. In any year in which the Lender must pay a mortgage insurance premium to the Secretary of Housing and Urban Development ("Secretary"), or in any year in which such premium would have been required if Lender still held the Security Instrument, each monthly payment shall also include either: (i) a sum for the annual mortgage insurance premium to be paid by Lender to the Secretary, or (ii) a monthly charge instead of a mortgage insurance premium if this Security Instrument is held by the Secretary, in a reasonable amount to be determined by the Secretary. Except for the monthly charge by the Secretary, these items are called "Escrow Items" and the sums paid to Lender are called "Escrow Funds."

Lender may, at any time, collect and hold amounts for Escrow Items in an aggregate amount not to exceed the maximum amount that may be required for Borrower's escrow account under the Real Estate Settlement Procedures Act of 1974, 12 U.S.C. §2601 et seq. and implementing regulations, 24 CFR Part 3500, as they may be amended from time to time ("RESPA"), except that the cushion or reserve permitted by RESPA for unanticipated disbursements or disbursements before the Borrower's payments are available in the account may not be based on amounts due for the mortgage insurance premium.

If the amounts held by Lender for Escrow Items exceed the amounts permitted to be held by RESPA, Lender shall account to Borrower for the excess funds as required by RESPA. If the amounts of funds held by Lender at any time are not sufficient to pay the Escrow Items when due, Lender may notify the Borrower and require Borrower to make up the shortage as permitted by RESPA.

The Escrow Funds are pledged as additional security for all sums secured by this Security Instrument. If Borrower tenders to Lender the full payment of all such sums, Borrower's account shall be credited with the balance remaining for all installment items (a), (b), and (c) and any mortgage insurance premium installment that Lender has not become obligated to pay to the Secretary, and Lender shall promptly refund any excess funds to Borrower. Immediately prior to a foreclosure sale of the Property or its acquisition by Lender, Borrower's account shall be credited with any balance remaining for all installments for items (a), (b), and (c).

3. **Application of Payments.** All payments under paragraphs 1 and 2 shall be applied by Lender as follows:

FIRST, to the mortgage insurance premium to be paid by Lender to the Secretary or to the monthly charge by the Secretary instead of the monthly mortgage insurance premium;

SECOND, to any taxes, special assessments, leasehold payments or ground rents, and fire, flood and other hazard insurance premiums, as required;

THIRD, to interest due under the Note;

FOURTH, to amortization of the principal of the Note; and

FIFTH, to late charges due under the Note.

FHA OHIO MORTGAGE - MERS
OHMTGZ.FHA   12/12/13                    Page 3 of 11                    DocMagic eForms
www.docmagic.com

BK: 2510 PG: 1268

4.  **Fire, Flood and Other Hazard Insurance.** Borrower shall insure all improvements on the Property, whether now in existence or subsequently erected, against any hazards, casualties, and contingencies, including fire, for which Lender requires insurance. This insurance shall be maintained in the amounts and for the periods that Lender requires. Borrower shall also insure all improvements on the Property, whether now in existence or subsequently erected, against loss by floods to the extent required by the Secretary. All insurance shall be carried with companies approved by Lender. The insurance policies and any renewals shall be held by Lender and shall include loss payable clauses in favor of, and in a form acceptable to, Lender.

In the event of loss, Borrower shall give Lender immediate notice by mail. Lender may make proof of loss if not made promptly by Borrower. Each insurance company concerned is hereby authorized and directed to make payment for such loss directly to Lender, instead of to Borrower and to Lender jointly. All or any part of the insurance proceeds may be applied by Lender, at its option, either (a) to the reduction of the indebtedness under the Note and this Security Instrument, first to any delinquent amounts applied in the order in paragraph 3, and then to prepayment of principal, or (b) to the restoration or repair of the damaged Property. Any application of the proceeds to the principal shall not extend or postpone the due date of the monthly payments which are referred to in paragraph 2, or change the amount of such payments. Any excess insurance proceeds over an amount required to pay all outstanding indebtedness under the Note and this Security Instrument shall be paid to the entity legally entitled thereto.

In the event of foreclosure of this Security Instrument or other transfer of title to the Property that extinguishes the indebtedness, all right, title and interest of Borrower in and to insurance policies in force shall pass to the purchaser.

5.  **Occupancy, Preservation, Maintenance and Protection of the Property; Borrower's Loan Application; Leaseholds.** Borrower shall occupy, establish, and use the Property as Borrower's principal residence within sixty days after the execution of this Security Instrument (or within sixty days of a later sale or transfer of the Property) and shall continue to occupy the Property as Borrower's principal residence for at least one year after the date of occupancy, unless Lender determines that requirement will cause undue hardship for Borrower, or unless extenuating circumstances exist which are beyond Borrower's control. Borrower shall notify Lender of any extenuating circumstances. Borrower shall not commit waste or destroy, damage or substantially change the Property or allow the Property to deteriorate, reasonable wear and tear excepted. Lender may inspect the Property if the Property is vacant or abandoned or the loan is in default. Lender may take reasonable action to protect and preserve such vacant or abandoned Property. Borrower shall also be in default if Borrower, during the loan application process, gave materially false or inaccurate information or statements to Lender (or failed to provide Lender with any material information) in connection with the loan evidenced by the Note, including, but not limited to, representations concerning Borrower's occupancy of the Property as a principal residence. If this Security Instrument is on a leasehold, Borrower shall comply with the provisions of the lease. If Borrower acquires fee title to the Property, the leasehold and fee title shall not be merged unless Lender agrees to the merger in writing.

6.  **Condemnation.** The proceeds of any award or claim for damages, direct or consequential, in connection with any condemnation or other taking of any part of the Property, or for conveyance in place

FHA OHIO MORTGAGE - MERS
OHMTGZ.FHA   12/12/13

Page 4 of 11

DocMagic
www.docmagic.com

BK: 2510 PG: 1269

of condemnation, are hereby assigned and shall be paid to Lender to the extent of the full amount of the indebtedness that remains unpaid under the Note and this Security Instrument. Lender shall apply such proceeds to the reduction of the indebtedness under the Note and this Security Instrument, first to any delinquent amounts applied in the order provided in paragraph 3, and then to prepayment of principal. Any application of the proceeds to the principal shall not extend or postpone the due date of the monthly payments, which are referred to in paragraph 2, or change the amount of such payments. Any excess proceeds over an amount required to pay all outstanding indebtedness under the Note and this Security Instrument shall be paid to the entity legally entitled thereto.

7. **Charges to Borrower and Protection of Lender's Rights in the Property.** Borrower shall pay all governmental or municipal charges, fines and impositions that are not included in paragraph 2. Borrower shall pay these obligations on time directly to the entity which is owed the payment. If failure to pay would adversely affect Lender's interest in the Property, upon Lender's request Borrower shall promptly furnish to Lender receipts evidencing these payments.

If Borrower fails to make these payments or the payments required by paragraph 2, or fails to perform any other covenants and agreements contained in this Security Instrument, or there is a legal proceeding that may significantly affect Lender's rights in the Property (such as a proceeding in bankruptcy, for condemnation or to enforce laws or regulations), then Lender may do and pay whatever is necessary to protect the value of the Property and Lender's rights in the Property, including payment of taxes, hazard insurance and other items mentioned in paragraph 2.

Any amounts disbursed by Lender under this paragraph shall become an additional debt of Borrower and be secured by this Security Instrument. These amounts shall bear interest from the date of disbursement at the Note rate, and at the option of Lender shall be immediately due and payable.

Borrower shall promptly discharge any lien which has priority over this Security Instrument unless Borrower: (a) agrees in writing to the payment of the obligation secured by the lien in a manner acceptable to Lender; (b) contests in good faith the lien by, or defends against enforcement of the lien in, legal proceedings which in the Lender's opinion operate to prevent the enforcement of the lien; or (c) secures from the holder of the lien an agreement satisfactory to Lender subordinating the lien to this Security Instrument. If Lender determines that any part of the Property is subject to a lien which may attain priority over this Security Instrument, Lender may give Borrower a notice identifying the lien. Borrower shall satisfy the lien or take one or more of the actions set forth above within 10 days of the giving of notice.

8. **Fees.** Lender may collect fees and charges authorized by the Secretary.

9. **Grounds for Acceleration of Debt.**

(a) **Default.** Lender may, except as limited by regulations issued by the Secretary in the case of payment defaults, require immediate payment in full of all sums secured by this Security Instrument if:

(i) Borrower defaults by failing to pay in full any monthly payment required by this Security Instrument prior to or on the due date of the next monthly payment, or

(ii) Borrower defaults by failing, for a period of thirty days, to perform any other obligations contained in this Security Instrument.



BK: 2510 PG: 1270

**(b) Sale Without Credit Approval.** Lender shall, if permitted by applicable law (including section 341(d) of the Garn-St. Germain Depository Institutions Act of 1982, 12 U.S.C. 1701j-3(d)) and with the prior approval of the Secretary, require immediate payment in full of all sums secured by this Security Instrument if:

(i) All or part of the Property, or a beneficial interest in a trust owning all or part of the Property, is sold or otherwise transferred (other than by devise or descent), and

(ii) The Property is not occupied by the purchaser or grantee as his or her principal residence, or the purchaser or grantee does so occupy the Property, but his or her credit has not been approved in accordance with the requirements of the Secretary.

**(c) No Waiver.** If circumstances occur that would permit Lender to require immediate payment in full, but Lender does not require such payments, Lender does not waive its rights with respect to subsequent events.

**(d) Regulations of HUD Secretary.** In many circumstances regulations issued by the Secretary will limit Lender's rights, in the case of payment defaults, to require immediate payment in full and foreclose if not paid. This Security Instrument does not authorize acceleration or foreclosure if not permitted by regulations of the Secretary.

**(e) Mortgage Not Insured.** Borrower agrees that if this Security Instrument and the Note are not determined to be eligible for insurance under the National Housing Act within 60 DAYS from the date hereof, Lender may, at its option require immediate payment in full of all sums secured by this Security Instrument. A written statement of any authorized agent of the Secretary dated subsequent to 60 DAYS from the date hereof, declining to insure this Security Instrument and the Note, shall be deemed conclusive proof of such ineligibility. Notwithstanding the foregoing, this option may not be exercised by Lender when the unavailability of insurance is solely due to Lender's failure to remit a mortgage insurance premium to the Secretary.

**10. Reinstatement.** Borrower has a right to be reinstated if Lender has required immediate payment in full because of Borrower's failure to pay an amount due under the Note or this Security Instrument. This right applies even after foreclosure proceedings are instituted. To reinstate the Security Instrument, Borrower shall tender in a lump sum all amounts required to bring Borrower's account current including, to the extent they are obligations of Borrower under this Security Instrument, foreclosure costs and reasonable and customary attorneys' fees and expenses properly associated with the foreclosure proceeding. Upon reinstatement by Borrower, this Security Instrument and the obligations that it secures shall remain in effect as if Lender had not required immediate payment in full. However, Lender is not required to permit reinstatement if: (i) Lender has accepted reinstatement after the commencement of foreclosure proceedings within two years immediately preceding the commencement of a current foreclosure proceeding, (ii) reinstatement will preclude foreclosure on different grounds in the future, or (iii) reinstatement will adversely affect the priority of the lien created by this Security Instrument.

**11. Borrower Not Released; Forbearance by Lender Not a Waiver.** Extension of the time of payment or modification of amortization of the sums secured by this Security Instrument granted by Lender to any

FHA OHIO MORTGAGE - MERS
OHMTGZ.FHA 12/12/13                    Page 6 of 11                    DocMagic eForms
www.docmagic.com

BK:  2510 PG: 1271

successor in interest of Borrower shall not operate to release the liability of the original Borrower or Borrower's successors in interest. Lender shall not be required to commence proceedings against any successor in interest or refuse to extend time for payment or otherwise modify amortization of the sums secured by this Security Instrument by reason of any demand made by the original Borrower or Borrower's successors in interest. Any forbearance by Lender in exercising any right or remedy shall not be a waiver of or preclude the exercise of any right or remedy.

12. **Successors and Assigns Bound; Joint and Several Liability; Co-Signers.** The covenants and agreements of this Security Instrument shall bind and benefit the successors and assigns of Lender and Borrower, subject to the provisions of paragraph 9(b). Borrower's covenants and agreements shall be joint and several. Any Borrower who co-signs this Security Instrument but does not execute the Note: (a) is co-signing this Security Instrument only to mortgage, grant and convey that Borrower's interest in the Property under the terms of this Security Instrument; (b) is not personally obligated to pay the sums secured by this Security Instrument; and (c) agrees that Lender and any other Borrower may agree to extend, modify, forbear or make any accommodations with regard to the terms of this Security Instrument or the Note without that Borrower's consent.

13. **Notices.** Any notice to Borrower provided for in this Security Instrument shall be given by delivering it or by mailing it by first class mail unless applicable law requires use of another method. The notice shall be directed to the Property Address or any other address Borrower designates by notice to Lender. Any notice to Lender shall be given by first class mail to Lender's address stated herein or any address Lender designates by notice to Borrower. Any notice provided for in this Security Instrument shall be deemed to have been given to Borrower or Lender when given as provided in this paragraph.

14. **Governing Law; Severability.** This Security Instrument shall be governed by federal law and the law of the jurisdiction in which the Property is located. In the event that any provision or clause of this Security Instrument or the Note conflicts with applicable law, such conflict shall not affect other provisions of this Security Instrument or the Note which can be given effect without the conflicting provision. To this end the provisions of this Security Instrument and the Note are declared to be severable.

15. **Borrower's Copy.** Borrower shall be given one conformed copy of the Note and of this Security Instrument.

16. **Hazardous Substances.** Borrower shall not cause or permit the presence, use, disposal, storage, or release of any Hazardous Substances on or in the Property. Borrower shall not do, nor allow anyone else to do, anything affecting the Property that is in violation of any Environmental Law. The preceding two sentences shall not apply to the presence, use, or storage on the Property of small quantities of Hazardous Substances that are generally recognized to be appropriate to normal residential uses and to maintenance of the Property.

Borrower shall promptly give Lender written notice of any investigation, claim, demand, lawsuit or other action by any governmental or regulatory agency or private party involving the Property and any Hazardous Substance or Environmental Law of which Borrower has actual knowledge. If Borrower learns, or is notified by any governmental or regulatory authority, that any removal or other remediation of any Hazardous Substances affecting the Property is necessary, Borrower shall promptly take all necessary remedial actions in accordance with Environmental Law.

FHA OHIO MORTGAGE - MERS
OHMTGZ.FHA  12/12/13                    Page 7 of 11                    DocMagic *eForms*
www.docmagic.com

BK: 2510 PG: 1272

As used in this paragraph 16, "Hazardous Substances" are those substances defined as toxic or hazardous substances by Environmental Law and the following substances: gasoline, kerosene, other flammable or toxic petroleum products, toxic pesticides and herbicides, volatile solvents, materials containing asbestos or formaldehyde, and radioactive materials. As used in this paragraph 16, "Environmental Law" means federal laws and laws of the jurisdiction where the Property is located that relate to health, safety or environmental protection.

**NON-UNIFORM COVENANTS.** Borrower and Lender further covenant and agree as follows:

17. **Assignment of Rents.** Borrower unconditionally assigns and transfers to Lender all the rents and revenues of the Property. Borrower authorizes Lender or Lender's agents to collect the rents and revenues and hereby directs each tenant of the Property to pay the rents to Lender or Lender's agents. However, prior to Lender's notice to Borrower of Borrower's breach of any covenant or agreement in the Security Instrument, Borrower shall collect and receive all rents and revenues of the Property as trustee for the benefit of Lender and Borrower. This assignment of rents constitutes an absolute assignment and not an assignment for additional security only.

If Lender gives notice of breach to Borrower: (a) all rents received by Borrower shall be held by Borrower as trustee for benefit of Lender only, to be applied to the sums secured by the Security Instrument; (b) Lender shall be entitled to collect and receive all of the rents of the Property; and (c) each tenant of the Property shall pay all rents due and unpaid to Lender or Lender's agent on Lender's written demand to the tenant.

Borrower has not executed any prior assignment of the rents and has not and will not perform any act that would prevent Lender from exercising its rights under this paragraph 17.

Lender shall not be required to enter upon, take control of or maintain the Property before or after giving notice of breach to Borrower. However, Lender or a judicially appointed receiver may do so at any time there is a breach. Any application of rents shall not cure or waive any default or invalidate any other right or remedy of Lender. This assignment of rents of the Property shall terminate when the debt secured by the Security Instrument is paid in full.

18. **Foreclosure Procedure.** If Lender requires immediate payment in full under paragraph 9, Lender may foreclose this Security Instrument by judicial proceeding. Lender shall be entitled to collect all expenses incurred in pursuing the remedies provided in this paragraph 18, including, but not limited to, costs of title evidence.

If the Lender's interest in this Security Instrument is held by the Secretary and the Secretary requires immediate payment in full under paragraph 9, the Secretary may invoke the nonjudicial power of sale provided in the Single Family Mortgage Foreclosure Act of 1994 ("Act") (12 U.S.C. 3751 *et seq.*) by requesting a foreclosure commissioner designated under the Act to commence foreclosure and to sell the Property as provided in the Act. Nothing in the preceding sentence shall deprive the Secretary of any rights otherwise available to a Lender under this paragraph 18 or applicable law.

19. **Release.** Upon payment of all sums secured by this Security Instrument, Lender shall discharge this Security Instrument. Borrower shall pay any recordation costs. Lender may charge Borrower a fee for releasing this Security Instrument, but only if the fee is paid to a third party for services rendered and the charging of the fee is permitted under applicable law.

BK: 2510 PG: 1273

**20. Certain Other Advances.** In addition to any other sum secured hereby, this Security Instrument shall also secure the unpaid principal balance of, plus accrued interest on, any amount of money loaned, advanced or paid by Lender to or for the account and benefit of Borrower, after this Security Instrument is delivered to and filed with the Recorder's Office, CLERMONT                    County, Ohio, for recording. Lender may make such advances in order to pay any real estate taxes and assessments, insurance premiums plus all other costs and expenses incurred in connection with the operation, protection or preservation of the Property, including to cure Borrower's defaults by making any such payments which Borrower should have paid as provided in this Security Instrument, it being intended by this paragraph 20 to acknowledge, affirm and comply with the provision of § 5301.233 of the Revised Code of Ohio.

**21. Riders to this Security Instrument.** If one or more riders are executed by Borrower and recorded together with this Security Instrument, the covenants of each such rider shall be incorporated into and shall amend and supplement the covenants and agreements of this Security Instrument as if the rider(s) were a part of this Security Instrument.

[Check applicable box(es)].

☐ Condominium Rider
☐ Planned Unit Development Rider          ☐ Graduated Payment Rider          ☐ Growing Equity Rider
☐ Non-Owner Occupancy Rider              ☐ Adjustable Rate Rider             ☐ Rehabilitation Loan Rider
                                         ☐ Other [Specify]

[REMAINDER OF THIS PAGE INTENTIONALLY LEFT BLANK]

RKB
DLB

BK: 2510 PG: 1274

BY SIGNING BELOW, Borrower accepts and agrees to the terms contained in pages 1 through 11 of this Security Instrument and in any Rider(s) executed by Borrower and recorded with it.

Executed this  8ᵗʰ  day of  April  , 2014

_____ (Seal)
REGINA  K  BAUCOM          -Borrower

_____ (Seal)
David Baucom              -Borrower

_____ (Seal)
                          -Borrower

_____ (Seal)
                          -Borrower

_____ (Seal)
                          -Borrower

_____ (Seal)
                          -Borrower

(Execution in accordance with Chapter 5301 of the Revised Code.)

BK: 2510 PG: 1275

——————— [Space Below This Line For Acknowledgment] ———————

State of    OHIO _____ )

County of    ~~CLERMONT~~   Warren _____ )

The foregoing instrument was acknowledged before me this   April 8, 2014
by _REGINA K BAUCOM_ , a married woman, David Baucom , her husband
_____

SHAWNA MOORE
NOTARY PUBLIC
STATE OF OHIO
Comm. Expires
April 14, 2015

Signature of Person Taking Acknowledgment

_Notary_
Title

Serial Number, if any _____

(Seal)

My commission expires: _April 14 2015_

This Instrument Prepared By:
ANNABELLE BERNAL

Loan Originator: JEFFREY D CLEMENTS, NMLSR ID Redacted
Loan Originator Organization: ACF MORTGAGE LL Redacted

FHA OHIO MORTGAGE - MERS
OHMTGZ.FHA 12/12/13                     Page 11 of 11                     DocMagic *eFarmas*
                                                                          www.docmagic.com

BK: 2510 PG: 1276

# EXHIBIT A

TRACT I:

SITUATED IN GOSHEN TOWNSHIP, CLERMONT COUNTY, OHIO AND IN STARK'S MILITARY SURVEY NO. 2753 AND MORE PARTICULARLY DESCRIBED AS FOLLOWS:

BEGINNING AT A POINT IN THE CENTER LINE OF STATE ROUTE NO. 48, WHICH IS N. 46 DEG. 36' W. 250.00 FEET FROM THE MOST WESTERLY CORNER OF LOT 1, OF PAPPAS SUBDIVISION, THENCE WITH THE CENTER LINE OF SAID STATE ROUTE N, 46DEG. 36'W. 100.00 FEET, THENCE N. 50DEG. 36' E. 100.00FEET TO AN IRON PIN, THENCE S 50DEG. 20' W.225.00 FEET PASSING AN IRON PIN AT 195 FEET TO THE PLACE OF BEGINNING AND CONTAINING 0.512 ACRES OF LAND AND SUBJECT TO LEGAL HIGHWAYS.

AND:

TRACT II:    SITUATED IN GOSHEN TOWNSHIP, CLERMONT COUNTY, OHIO AND IN STARK'S MILITARY SURVEY NO. 2753 AND MORE PARTICULARLY DESCRIBED AS FOLLOWS:

BEGINNING AT A POINT IN THE CENTER LINE OF STATE ROUTE NO. 48, WHICH IS N. 46 DEG. 36' W. 200.0' FROM THE INTERSECTION OF THE WEST LINE OF PAPPAS SUBDIVISION AND THE CENTER LINE OF STATE HIGHWAY NO. 48; THENCE N. 50DEG. 20' E., 229.0' TO  POINT; THENCE N. 46 DEG 36' W., 181.6' TO A POINT; THENCE S. 45DEG. 39' W., 227.5' TO A POINT IN THE CENTER LINE OF STATE HIGHWAY NO. 48; THENCE WITH SAID CENTER LINE S. 45 DEG. 36' E., 13.0' TO A POINT; THENCE N. 50 DEG. 20' E, 225.0' TO A POINT IN THE CENTER LINE, THENCE S. 46 DEG. 35' E. 100.0 FEET, THENCE S. 50 DEG. 20 W. 255.0; S. 46 DEG. 36' E., 50.0' TO THE PLACE OF BEGINNING. CONTAINING 0.386 ACRES OF LAND, MORE OR LESS.

**EXHIBIT D**



| | | | OBE MERG |
|---|---|---|---|

## State of California
### Secretary of State

FILED
Secretary of State
State of California

FEB - 1 2019

### Certificate of Merger

(California Corporations Code sections
1113(g), 3203(g), 6019.1, 8019.1, 9640, 12540.1, 15911.14, 16915(b) and 17710.14)

IMPORTANT — Read all Instructions before completing this form.          This Space For Filing Use Only

| 1. NAME OF SURVIVING ENTITY | 2. TYPE OF ENTITY | 3. CA SECRETARY OF STATE FILE NUMBER | 4. JURISDICTION |
|---|---|---|---|
| Nationstar Mortgage LLC | LLC | 200109410005 | Delaware |

| 5. NAME OF DISAPPEARING ENTITY | 6. TYPE OF ENTITY | 7. CA SECRETARY OF STATE FILE NUMBER | 8. JURISDICTION |
|---|---|---|---|
| Pacific Union Financial, LLC | LLC | 200425310084 | California |

8. THE PRINCIPAL TERMS OF THE AGREEMENT OF MERGER WERE APPROVED BY A VOTE OF THE NUMBER OF INTERESTS OR SHARES OF EACH CLASS THAT EQUALED OR EXCEEDED THE VOTE REQUIRED. *(IF A VOTE WAS REQUIRED, SPECIFY THE CLASS AND THE NUMBER OF OUTSTANDING INTERESTS OF EACH CLASS ENTITLED TO VOTE ON THE MERGER AND THE PERCENTAGE VOTE REQUIRED OF EACH CLASS. ATTACH ADDITIONAL PAGES, IF NEEDED.)*

| SURVIVING ENTITY | | | DISAPPEARING ENTITY | | |
|---|---|---|---|---|---|
| CLASS AND NUMBER | AND | PERCENTAGE VOTE REQUIRED | CLASS AND NUMBER | AND | PERCENTAGE VOTE REQUIRED |
| 1 membership unit | | 100% | 1 membership unit | | 100% |

10. IF EQUITY SECURITIES OF A PARENT PARTY ARE TO BE ISSUED IN THE MERGER, CHECK THE APPLICABLE STATEMENT.

[✓] No vote of the shareholders of the parent party was required.     [ ] The required vote of the shareholders of the parent party was obtained.

11. IF THE SURVIVING ENTITY IS A DOMESTIC LIMITED LIABILITY COMPANY, LIMITED PARTNERSHIP, OR PARTNERSHIP, PROVIDE THE REQUISITE CHANGES (IF ANY) TO THE INFORMATION SET FORTH IN THE SURVIVING ENTITY'S ARTICLES OF ORGANIZATION, CERTIFICATE OF LIMITED PARTNERSHIP OR STATEMENT OF PARTNERSHIP AUTHORITY RESULTING FROM THE MERGER. ATTACH ADDITIONAL PAGES, IF NECESSARY.

12. IF A DISAPPEARING ENTITY IS A DOMESTIC LIMITED LIABILITY COMPANY, LIMITED PARTNERSHIP, OR PARTNERSHIP, AND THE SURVIVING ENTITY IS NOT A DOMESTIC ENTITY OF THE SAME TYPE, ENTER THE PRINCIPAL ADDRESS OF THE SURVIVING ENTITY.

| PRINCIPAL ADDRESS OF SURVIVING ENTITY | CITY AND STATE | ZIP CODE |
|---|---|---|
| 8950 Cypress Waters Blvd | Coppell, Texas | 75019 |

13. OTHER INFORMATION REQUIRED TO BE STATED IN THE CERTIFICATE OF MERGER BY THE LAWS UNDER WHICH EACH CONSTITUENT OTHER BUSINESS ENTITY IS ORGANIZED. ATTACH ADDITIONAL PAGES, IF NECESSARY.

| 14. STATUTORY OR OTHER BASIS UNDER WHICH A FOREIGN OTHER BUSINESS ENTITY IS AUTHORIZED TO EFFECT THE MERGER. | 15. FUTURE EFFECTIVE DATE, IF ANY | | |
|---|---|---|---|
| Section 264 of the General Corporations Law of the State of Delaware | (Month) | (Day) | (Year) |

16. ADDITIONAL INFORMATION SET FORTH ON ATTACHED PAGES, IF ANY, IS INCORPORATED HEREIN BY THIS REFERENCE AND MADE PART OF THIS CERTIFICATE.

17. I CERTIFY UNDER PENALTY OF PERJURY UNDER THE LAWS OF THE STATE OF CALIFORNIA THAT THE FOREGOING IS TRUE AND CORRECT OF MY OWN KNOWLEDGE. I DECLARE I AM THE PERSON WHO EXECUTED THIS INSTRUMENT, WHICH EXECUTION IS MY ACT AND DEED.

| | | |
|---|---|---|
| SIGNATURE OF AUTHORIZED PERSON FOR THE SURVIVING ENTITY   DATE | February 1, 2019 | Amar R. Patel, Manager, Nationstar Mortgage LLC |
| | | TYPE OR PRINT NAME AND TITLE OF AUTHORIZED PERSON |
| SIGNATURE OF AUTHORIZED PERSON FOR THE SURVIVING ENTITY   DATE | February 1, 2019 | TYPE OR PRINT NAME AND TITLE OF AUTHORIZED PERSON Karen L. Robb, Assistant Secretary of the Manager, Nationstar Mortgage LLC |
| SIGNATURE OF AUTHORIZED PERSON FOR THE DISAPPEARING ENTITY   DATE | February 1, 2019 | TYPE OR PRINT NAME AND TITLE OF AUTHORIZED PERSON |
| SIGNATURE OF AUTHORIZED PERSON FOR THE DISAPPEARING ENTITY   DATE | February 1, 2019 | Karen L. Robb, Manager |
| | | TYPE OR PRINT NAME AND TITLE OF AUTHORIZED PERSON |

For an entity that is a business trust, real estate investment trust or an unincorporated association, set forth the provision of law or other basis for the authority of the person signing:

| OBE MERGER-1 (REV 01/2016) | APPROVED BY SECRETARY OF STATE |
|---|---|

**Attachment A**

**AGREEMENT
OF
NATIONSTAR MORTGAGE LLC
(a Delaware limited liability company)**

Pursuant to the provisions of Sections 17710.17(f)(1), (2) and (3) of the California Corporations Code, Nationstar Mortgage LLC (the "Company"), a Delaware limited liability company, agrees that:

1.   The Company may be served in the State of California in a proceeding for the enforcement of an obligation of any constituent entity and in a proceeding to enforce the rights of any holder of a dissenting interest or dissenting shares in a constituent domestic limited liability company or domestic or other business entity.

2.   The Company irrevocably appoints the Secretary of State of the State of California as its agent for service of process, and the address to which process may be forwarded is 8950 Cypress Waters Blvd., Dallas, TX 75019, Attention: Matt Floyd, SVP, Associate General Counsel.

3.   The Company agrees that it will promptly pay the holder of any dissenting interest or dissenting share in a constituent domestic limited liability company or domestic other business entity the amount to which that person is entitled under California law.

Instrument BOOK PAGE
2016 00020628 2660 1268

201600020628
Filed for Record in
CLERMONT COUNTY, OH
DEBORAH HALL CLEPPER
09-14-2016 At 09:15 am.
ASSIGN 28.00
OR BOOK 2660 PAGE 1268 - 1269

EXHIBIT E

201600020628
Electronic Filing
From: Corporation Service Company
Thru: ERX

**OHIO**

**Redacted**

COUNTY OF **CLERMONT (A)**
LOAN NO. **Redacted**
PREPARED BY: SECURITY CONNECTIONS, INC.
WHEN RECORDED MAIL TO: SECURITY CONNECTIONS, INC., 240 TECHNOLOGY DRIVE, IDAHO FALLS, ID 83401, PH. (208)528-9895

## ASSIGNMENT OF REAL ESTATE MORTGAGE

KNOW ALL MEN BY THESE PRESENTS, that for value received, receipt thereof is hereby acknowledged, **MORTGAGE ELECTRONIC REGISTRATION SYSTEMS, INC., SOLELY AS NOMINEE FOR PACIFIC UNION FINANCIAL, LLC, ITS SUCCESSORS AND ASSIGNS** located at **P.O. BOX 2026, FLINT, MICHIGAN 48501-2026**, party of the first part (Assignor), does hereby grant, bargain, transfer, and set over unto **PACIFIC UNION FINANCIAL, LLC** located at **1603 LBJ FREEWAY, SUITE 500, FARMERS BRANCH, TX 75234**, party of the second part (Assignee), its successors and assigns, that certain indenture of Mortgage dated **APRIL 08, 2014**, executed by **REGINA K BAUCOM, A MARRIED WOMAN, DAVID BAUCOM, HER HUSBAND**, Mortgagor, to **MORTGAGE ELECTRONIC REGISTRATION SYSTEMS, INC., SOLELY AS NOMINEE FOR PACIFIC UNION FINANCIAL, LLC, ITS SUCCESSORS AND ASSIGNS**, Original Mortgagee, securing the sum of **$152,938.00**, and recorded on **APRIL 10, 2014** in the Office of the Recorder for **CLERMONT (A)** County, State of **OHIO**, in Book 2510 at Page 1265 as Document No. **201400006636**, with all Assignor's right, title, and interest in and to the premises under said Mortgage.

**SEE ATTACHED LEGAL DESCRIPTION**

TOGETHER WITH all rights, title, and interest in and to the premises, accrued or to accrue under said Mortgage.

TO HAVE AND TO HOLD the same unto the said party of the second part, its successors and assigns, forever, subject only to the provisions in the said indenture of mortgage.

IN WITNESS WHEREOF, the undersigned has caused this Instrument to be executed this **JULY 29, 2016**.

**MORTGAGE ELECTRONIC REGISTRATION SYSTEMS, INC.**

**TIFFANY BITSOI, VICE PRESIDENT**

STATE OF **IDAHO** COUNTY OF **BONNEVILLE** ) ss

On **JULY 29, 2016**, before me, **EMILY POTTLE**, personally appeared **TIFFANY BITSOI** known to me to be the **VICE PRESIDENT** of the corporation that executed the instrument or the person who executed the instrument on behalf of said corporation, and acknowledged to me that such corporation executed the same.

**EMILY POTTLE (COMMISSION EXP. 09/15/2020)**
NOTARY PUBLIC

EMILY POTTLE
NOTARY PUBLIC
STATE OF IDAHO

**Redacted** Page 1 of 2 **Redacted**

**Redacted**

TRACT I:

SITUATED IN GOSHEN TOWNSHIP, CLERMONT COUNTY, OHIO AND IN STARK'S MILITARY SURVEY NO. 2755 AND MORE PARTICULARLY DESCRIBED AS FOLLOWS:

BEGINNING AT A POINT IN THE CENTER LINE OF STATE ROUTE NO. 48, WHICH IS N. 46 DEG. 36' W. 250.00 FEET FROM THE MOST WESTERLY CORNER OF LOT 1, OF PAPPAS SUBDIVISION, THENCE WITH THE CENTER LINE OF SAID STATE ROUTE N. 46DEG. 36'W. 100.00 FEET, THENCE N 50DEG. 36' E. 100.00FEET TO AN IRON PIN, THENCE S 50DEG. 20' W. 225.00 FEET PASSING AN IRON PIN AT 195 FEET TO THE PLACE OF BEGINNING AND CONTAINING 0.512 ACRES OF LAND AND SUBJECT TO LEGAL HIGHWAYS.

AND:

TRACT II:   SITUATED IN GOSHEN TOWNSHIP, CLERMONT COUNTY, OHIO AND IN STARK'S MILITARY SURVEY NO. 2755 AND MORE PARTICULARLY DESCRIBED AS FOLLOWS:

BEGINNING AT A POINT IN THE CENTER LINE OF STATE ROUTE NO. 48, WHICH IS N. 46 DEG. 36' W. 200.0' FROM THE INTERSECTION OF THE WEST LINE OF PAPPAS SUBDIVISION AND THE CENTER LINE OF STATE HIGHWAY NO. 48; THENCE N. 50DEG. 20' E., 229.0' TO POINT, THENCE N. 46 DEG 36' W., 181.6' TO A POINT; THENCE S. 45DEG. 39' W., 227.5' TO A POINT IN THE CENTER LINE OF STATE HIGHWAY NO. 48; THENCE WITH SAID CENTER LINE S. 45 DEG. 36' E., 13.0' TO A POINT; THENCE N. 50 DEG. 20' E., 225.0' TO A POINT IN THE CENTER LINE, THENCE S. 46 DEG. 35' E. 100.0 FEET, THENCE S. 50 DEG. 20 W. 255.0; S. 46 DEG. 36' E., 50.0' TO THE PLACE OF BEGINNING. CONTAINING 0.384 ACRES OF LAND, MORE OR LESS.

3/29/19  2:18PM

**Fill in this information to identify your case and this filing:**

| Debtor 1 | *David L. Baucom* | | |
|---|---|---|---|
| | First Name | Middle Name | Last Name |
| Debtor 2 | *Regina K. Baucom* | | |
| (Spouse, if filing) | First Name | Middle Name | Last Name |

United States Bankruptcy Court for the:  SOUTHERN DISTRICT OF OHIO

Case number

**EXHIBIT F**

☐ Check if this is an amended filing

## Official Form 106A/B
# Schedule A/B: Property
**12/15**

In each category, separately list and describe items. List an asset only once.  If an asset fits in more than one category, list the asset in the category where you think it fits best.  Be as complete and accurate as possible. If two married people are filing together, both are equally responsible for supplying correct information. If more space is needed, attach a separate sheet to this form. On the top of any additional pages, write your name and case number (if known). Answer every question.

**Part 1:** **Describe Each Residence, Building, Land, or Other Real Estate You Own or Have an Interest In**

1. **Do you own or have any legal or equitable interest in any residence, building, land, or similar property?**

   ☐ No. Go to Part 2.

   ☑ Yes.  Where is the property?

| 1.1 | *6592 State Route 48* | What is the property? Check all that apply | | Do not deduct secured claims or exemptions. Put the amount of any secured claims on *Schedule D: Creditors Who Have Claims Secured by Property.* |
|---|---|---|---|---|

**What is the property?** Check all that apply

☑ Single-family home
☐ Duplex or multi-unit building
☐ Condominium or cooperative
☐ Manufactured or mobile home
☐ Land
☐ Investment property
☐ Timeshare
☐ Other _____

*6592 State Route 48*
Street address, if available, or other description

*Goshen*                *OH*        *45122-0000*
City                        State              ZIP Code

*Clermont*
County

| Current value of the entire property? | Current value of the portion you own? |
|---|---|
| *$124,100.00* | *$124,100.00* |

Describe the nature of your ownership interest (such as fee simple, tenancy by the entireties, or a life estate), if known.

*Fee Simple*

**Who has an interest in the property?** Check one

☐ Debtor 1 only
☐ Debtor 2 only
☑ Debtor 1 and Debtor 2 only
☐ At least one of the debtors and another

☐ Check if this is community property (see instructions)

Other information you wish to add about this item, such as local property identification number:

2. **Add the dollar value of the portion you own for all of your entries from Part 1, including any entries for pages you have attached for Part 1. Write that number here...........................................................................=>**

| *$124,100.00* |
|---|

**Part 2:** **Describe Your Vehicles**

**Do you own, lease, or have legal or equitable interest in any vehicles, whether they are registered or not?** Include any vehicles you own that someone else drives. If you lease a vehicle, also report it on *Schedule G: Executory Contracts and Unexpired Leases.*

Software Copyright (c) 1996-2018 Best Case, LLC - www.bestcase.com

Debtor 1    **David L. Baucom**
Debtor 2    **Regina K. Baucom**

Case number *(if known)* _____

## 3. Cars, vans, trucks, tractors, sport utility vehicles, motorcycles

☐ No
■ Yes

| | | | | |
|---|---|---|---|---|
| 3.1 | Make: | *Kia* | Who has an interest in the property? Check one | Do not deduct secured claims or exemptions. Put the amount of any secured claims on *Schedule D: Creditors Who Have Claims Secured by Property.* |

3.1   Make:  *Kia*
Model:  *SLE*
Year:  *2006*
Approximate mileage:  *121,900*
Other information:
*Salvage Title*

Who has an interest in the property? Check one
☐ Debtor 1 only
■ Debtor 2 only
☐ Debtor 1 and Debtor 2 only
☐ At least one of the debtors and another

☐ Check if this is community property
  (see instructions)

Do not deduct secured claims or exemptions. Put the amount of any secured claims on *Schedule D: Creditors Who Have Claims Secured by Property.*

Current value of the entire property?    Current value of the portion you own?

*$1,500.00*    *$1,500.00*

3.2   Make:  *Chrysler*
Model:  *PT Cruiser*
Year:  *2006*
Approximate mileage:  *114,900*
Other information:

Who has an interest in the property? Check one
☐ Debtor 1 only
■ Debtor 2 only
☐ Debtor 1 and Debtor 2 only
☐ At least one of the debtors and another

☐ Check if this is community property
  (see instructions)

Do not deduct secured claims or exemptions. Put the amount of any secured claims on *Schedule D: Creditors Who Have Claims Secured by Property.*

Current value of the entire property?    Current value of the portion you own?

*$1,650.00*    *$1,650.00*

## 4. Watercraft, aircraft, motor homes, ATVs and other recreational vehicles, other vehicles, and accessories
*Examples:* Boats, trailers, motors, personal watercraft, fishing vessels, snowmobiles, motorcycle accessories

■ No
☐ Yes

5   Add the dollar value of the portion you own for all of your entries from Part 2, including any entries for pages you have attached for Part 2. Write that number here............................................................=>    *$3,150.00*

## Part 3:   Describe Your Personal and Household Items

| Do you own or have any legal or equitable interest in any of the following items? | Current value of the portion you own? Do not deduct secured claims or exemptions. |
|---|---|

## 6. Household goods and furnishings
*Examples:* Major appliances, furniture, linens, china, kitchenware
☐ No
■ Yes.  Describe.....

*Couch(150.00)/Lamps(50.00)/Chairs(100.00)/
Microwave(50.00)/Stove(200.00)/Refrig.(200.00)/
2 Beds(200.00)/Dresser(50.00)/Dining Room(350.00)/
Washer & Dryer(400.00)*    *$1,750.00*

## 7. Electronics
*Examples:* Televisions and radios; audio, video, stereo, and digital equipment; computers, printers, scanners; music collections; electronic devices including cell phones, cameras, media players, games
☐ No
■ Yes.  Describe.....

*Cellphones(300.00)/Televisions(300.00)/
Computer(200.00)*    *$800.00*

| Debtor 1 | **David L. Baucom** |
|----------|---------------------|
| Debtor 2 | **Regina K. Baucom** |

Case number *(if known)* _____

**8.  Collectibles of value**

*Examples:* Antiques and figurines; paintings, prints, or other artwork; books, pictures, or other art objects; stamp, coin, or baseball card collections; other collections, memorabilia, collectibles

■ No

☐ Yes. Describe.....

**9.  Equipment for sports and hobbies**

*Examples:* Sports, photographic, exercise, and other hobby equipment; bicycles, pool tables, golf clubs, skis; canoes and kayaks; carpentry tools; musical instruments

■ No

☐ Yes. Describe.....

**10.  Firearms**

*Examples:* Pistols, rifles, shotguns, ammunition, and related equipment

■ No

☐ Yes. Describe.....

**11.  Clothes**

*Examples:* Everyday clothes, furs, leather coats, designer wear, shoes, accessories

☐ No

■ Yes. Describe.....

| *Wearing Apparel* | *$400.00* |
|-------------------|-----------|

**12.  Jewelry**

*Examples:* Everyday jewelry, costume jewelry, engagement rings, wedding rings, heirloom jewelry, watches, gems, gold, silver

☐ No

■ Yes. Describe.....

| *Assorted Jewelry* | *$400.00* |
|--------------------|-----------|

**13.  Non-farm animals**

*Examples:* Dogs, cats, birds, horses

■ No

☐ Yes. Describe.....

**14.  Any other personal and household items you did not already list, including any health aids you did not list**

■ No

☐ Yes. Give specific information.....

**15.  Add the dollar value of all of your entries from Part 3, including any entries for pages you have attached for Part 3. Write that number here ............................................................................** | *$3,350.00* |

| **Part 4:** | **Describe Your Financial Assets** |
|-------------|-------------------------------------|

| **Do you own or have any legal or equitable interest in any of the following?** | **Current value of the portion you own?** Do not deduct secured claims or exemptions. |
|---|---|

**16.  Cash**

*Examples:* Money you have in your wallet, in your home, in a safe deposit box, and on hand when you file your petition

☐ No

■ Yes...............................................................................................

| *Cash* | *$50.00* |
|--------|---------|

| Debtor 1 | *David L. Baucom* | | |
|---|---|---|---|
| Debtor 2 | *Regina K. Baucom* | | Case number *(if known)* |

**17. Deposits of money**
*Examples:* Checking, savings, or other financial accounts; certificates of deposit; shares in credit unions, brokerage houses, and other similar institutions. If you have multiple accounts with the same institution, list each.

☐ No
■ Yes........................          Institution name:

|  | 17.1. | *Checking* | *PNC Bank* | *$350.00* |
|---|---|---|---|---|

**18. Bonds, mutual funds, or publicly traded stocks**
*Examples:* Bond funds, investment accounts with brokerage firms, money market accounts

■ No
☐ Yes...................          Institution or issuer name:

**19. Non-publicly traded stock and interests in incorporated and unincorporated businesses, including an interest in an LLC, partnership, and joint venture**

■ No
☐ Yes.  Give specific information about them...................
          Name of entity:                          % of ownership:

**20. Government and corporate bonds and other negotiable and non-negotiable instruments**
*Negotiable instruments* include personal checks, cashiers' checks, promissory notes, and money orders.
*Non-negotiable instruments* are those you cannot transfer to someone by signing or delivering them.

■ No
☐ Yes. Give specific information about them
          Issuer name:

**21. Retirement or pension accounts**
*Examples:* Interests in IRA, ERISA, Keogh, 401(k), 403(b), thrift savings accounts, or other pension or profit-sharing plans

■ No
☐ Yes. List each account separately.
          Type of account:          Institution name:

**22. Security deposits and prepayments**
Your share of all unused deposits you have made so that you may continue service or use from a company
*Examples:* Agreements with landlords, prepaid rent, public utilities (electric, gas, water), telecommunications companies, or others

■ No
☐ Yes. .....................          Institution name or individual:

**23. Annuities** (A contract for a periodic payment of money to you, either for life or for a number of years)

■ No
☐ Yes.............          Issuer name and description.

**24. Interests in an education IRA, in an account in a qualified ABLE program, or under a qualified state tuition program.**
26 U.S.C. §§ 530(b)(1), 529A(b), and 529(b)(1).

■ No
☐ Yes.............          Institution name and description. Separately file the records of any interests.11 U.S.C. § 521(c):

**25. Trusts, equitable or future interests in property (other than anything listed in line 1), and rights or powers exercisable for your benefit**

■ No
☐ Yes.  Give specific information about them...

**26. Patents, copyrights, trademarks, trade secrets, and other intellectual property**
*Examples:* Internet domain names, websites, proceeds from royalties and licensing agreements

■ No
☐ Yes.  Give specific information about them...

**27. Licenses, franchises, and other general intangibles**
*Examples:* Building permits, exclusive licenses, cooperative association holdings, liquor licenses, professional licenses

■ No
☐ Yes.  Give specific information about them...

| **Money or property owed to you?** | **Current value of the** |
|---|---|

| Official Form 106A/B | Schedule A/B: Property | page 4 |
|---|---|---|

3/29/19  2:18PM

| Debtor 1 | *David L. Baucom* |
|---|---|
| Debtor 2 | *Regina K. Baucom* |

Case number *(if known)* _____

portion you own?
Do not deduct secured
claims or exemptions.

28. **Tax refunds owed to you**
   - ■ No
   - ☐ Yes. Give specific information about them, including whether you already filed the returns and the tax years.......

29. **Family support**
   *Examples:* Past due or lump sum alimony, spousal support, child support, maintenance, divorce settlement, property settlement
   - ■ No
   - ☐ Yes. Give specific information......

30. **Other amounts someone owes you**
   *Examples:* Unpaid wages, disability insurance payments, disability benefits, sick pay, vacation pay,  workers' compensation, Social Security
   benefits; unpaid loans you made to someone else
   - ■ No
   - ☐ Yes. Give specific information..

31. **Interests in insurance policies**
   *Examples:* Health, disability, or life insurance; health savings account (HSA); credit, homeowner's, or renter's insurance
   - ■ No
   - ☐ Yes. Name the insurance company of each policy and list its value.
      Company name:                           Beneficiary:                           Surrender or refund
                                                                                      value:

32. **Any interest in property that is due you from someone who has died**
   If you are the beneficiary of a living trust, expect proceeds from a life insurance policy, or are currently entitled to receive property because
   someone has died.
   - ■ No
   - ☐ Yes. Give specific information..

33. **Claims against third parties, whether or not you have filed a lawsuit or made a demand for payment**
   *Examples:* Accidents, employment disputes, insurance claims, or rights to sue
   - ■ No
   - ☐ Yes. Describe each claim.........

34. **Other contingent and unliquidated claims of every nature, including counterclaims of the debtor and rights to set off claims**
   - ■ No
   - ☐ Yes. Describe each claim.........

35. **Any financial assets you did not already list**
   - ■ No
   - ☐ Yes. Give specific information..

36. **Add the dollar value of all of your entries from Part 4, including any entries for pages you have attached
   for Part 4. Write that number here**...................................................................................................................

   *$400.00*

**Part 5:**  **Describe Any Business-Related Property You Own or Have an Interest In. List any real estate in Part 1.**

37. **Do you own or have any legal or equitable interest in any business-related property?**
   - ■ No. Go to Part 6.
   - ☐ Yes.  Go to line 38.

**Part 6:**  **Describe Any Farm- and Commercial Fishing-Related Property You Own or Have an Interest In.**
   If you own or have an interest in farmland, list it in Part 1.

46. **Do you own or have any legal or equitable interest in any farm- or commercial fishing-related property?**
   - ■ No. Go to Part 7.

Software Copyright (c) 1996-2018 Best Case, LLC - www.bestcase.com                      Best Case Bankruptcy

Debtor 1    *David L. Baucom*
Debtor 2    *Regina K. Baucom*

Case number *(if known)* _____

☐ Yes.  Go to line 47.

| Part 7: | Describe All Property You Own or Have an Interest in That You Did Not List Above |
|---|---|

53.  **Do you have other property of any kind you did not already list?**
    *Examples:* Season tickets, country club membership

☒ No
☐ Yes. Give specific information.........

54.  **Add the dollar value of all of your entries from Part 7. Write that number here** ...................................

$0.00

| Part 8: | List the Totals of Each Part of this Form |
|---|---|

55.  **Part 1: Total real estate, line 2** ........................................................................................................    **$124,100.00**

56.  **Part 2: Total vehicles, line 5**    **$3,150.00**

57.  **Part 3: Total personal and household items, line 15**    **$3,350.00**

58.  **Part 4: Total financial assets, line 36**    **$400.00**

59.  **Part 5: Total business-related property, line 45**    **$0.00**

60.  **Part 6: Total farm- and fishing-related property, line 52**    **$0.00**

61.  **Part 7: Total other property not listed, line 54**    +    **$0.00**

62.  **Total personal property.** Add lines 56 through 61...    **$6,900.00**    Copy personal property total    **$6,900.00**

63.  **Total of all property on Schedule A/B.** Add line 55 + line 62    **$131,000.00**

**UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION**

In re:                              :
                                    :
**David L Baucom**                  :      **Case No.: 19-11123**
**Regina K Baucom**                 :      **Chapter 7**
                                    :      **Judge Beth A. Buchanan**
        **Debtor(s).**              :      \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*
                                    :
                                    :

**Exhibit G**

_____

**RELIEF FROM STAY/ADEQUATE PROTECTION
EXHIBIT AND WORKSHEET - REAL ESTATE
(For use as required by LBR 4001-1(a)(1))**

_____

Real property address which is the subject of this motion: 6592 State Route 48, Goshen, OH 45122

**DEBT/VALUE REPRESENTATIONS:**

| | | |
|---|---|---:|
| Total indebtedness of the debtor(s) at the time of filing the motion for relief from stay (not to be relied upon as payoff quotation): | $ | 166,233.36 |
| Movant's estimated market value of the real property: | $ | 124,100.00 |

Source of the estimated valuation:  Debtor's Schedule A

**STATEMENT OF ARREARAGE:**

| | | |
|---|---|---:|
| (1) As of petition filing date: | $ | 0.00 |
|     Amounts paid after the date of filing to be applied to the prepetition default: | $ | 0.00 |
| (2) Postpetition: | $ | 25,419.03 |
| (3) Monthly payment amount: | $ | 1,308.46 |
| (4) Date of Last Payment:  August 1, 2017 | | |
| (5) Amount of Last Payment | $ | |

| | | | |
|---|---|---|---:|
| # of payments due postpetition | 21 | (through payment due April 16, 2019) | |
| # of payments received postpetition | 0 | | |
| # of payments in default postpetition | 21 | | |
| Total amount of postpetition payments currently in default | | $ | 27,477.66 |
|   + Postpetition late charges | | $ | 0.00 |

19-012915_CAM4

| | | |
|---|---|---|
| + Other postpetition charges (describe) | | $ _____ 0.00 |
| Foreclosure title work | _____ | |
| Filing fee | _____ | |
| Skip trace | _____ | |
| Document acquisition costs | _____ | |
| Service Process server | _____ | |
| Escrow Shortage (Amounts advanced on behalf of Debtor(s) | _____ | |
| Hazard Insurance | _____ | Dates:_____ |
| Taxes | _____ | Dates:_____ |
| Appraisal | _____ | |
| BPO charges | _____ | |
| Property Inspection | _____ | |
| Other (specify) | _____ | |
| - Suspense balance | | $ _____ 2,058.63 |
| = Total Postpetition Arrearage | | $ _____ 25,419.03 |

**OTHER LOAN INFORMATION:**

Date of the loan        4/8/14 _____

Current interest rate        5% _____

Money paid to and held by the mortgagee but not applied to the loan $2,058.63; if held in the form of checks, balance of such checks $0.00, and identity of holder of the checks.

**REQUIRED ATTACHMENTS TO MOTION:**

(a)    Postpetition payments have not been made and therefore, a postpetition payment history is not attached;

(b)    In all cases, copies of documents which indicate movant's interest in the subject property. For purposes of example only, a complete and legible copy of the promissory note or other debt instrument together with a complete and legible copy of the real estate mortgage should be attached. The mortgage should bear date stamps reflecting the recording date together with recording references reflecting the recordation of the mortgage with the appropriate county official. If the subject property is registered land, movant shall attach a copy of the registered land certificate or other documentation reflecting that the mortgage was memorialized as a lien on the registered land certificate.

This Exhibit and Worksheet was prepared by:

/s/ Adam B. Hall
_____

Adam B. Hall (0088234)
Edward H. Cahill (0088985)
John R. Cummins (0036811)
Stephen R. Franks (0075345)
Manley Deas Kochalski LLC

19-012915_CAM4

P.O. Box 165028
Columbus, OH  43216-5028
Telephone: 614-220-5611
Fax: 614-627-8181
Attorneys for Creditor
The case attorney for this file is Adam B.
Hall.
Contact email is abh@manleydeas.com

19-012915_CAM4